ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Safaa Al-Rawaby Company | ) ASBCA No. 63146 |
| | ) |
| Under Contract No. H92277-21-C-0013 | ) |

APPEARANCE FOR THE APPELLANT:  Bayrak Abbas Fadel
                                General Manager

APPEARANCES FOR THE GOVERNMENT:  Caryl A. Potter, III, Esq.
                                  Air Force Deputy Chief Trial Attorney
                                 Maj James B. Leighton, USAF
                                  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCLISH

In this appeal, Appellant, Safaa al-Rawaby Company (Safaa) seeks relief under the above-captioned contract (Contract), issued by U.S. Special Operations Command Central Forward Headquarters (SOCCENT FWD HQ). The Contract required Safaa to provide and deliver millable wheat grain to a mill in Syria for use by the Syrian Defense Forces, for a firm-fixed price of $1,689,589.20. The Contract required four monthly deliveries. The Contract was terminated for default on the ground that Safaa failed to make the first required delivery.

Appellant claims "Compensation for losses" in the amount of $212,313 it allegedly incurred due to its "non-purchase of wheat" under a "prior agreement" with "the Al-Ubaidi Agricultural Office" (compl. ¶ 1-2). Appellant alleges that the non-purchase occurred because the quote from Appellant's "suppliers went up to $6,944,000 which is a 400% increase" and that it was "the reason the first quantity was detained for more than a month" (*id.* at 1). Appellant also requests a "contract modification" and "price[] increase" to enable it to "buy wheat as per global market prices" and to "[r]eview prices . . . [s]o if our contract [is increased] up to $6,944,000 which is a 400% increase, we will be successful in delivery" (*id.* at 1-2).

Respondent filed a motion for summary judgment on August 10, 2022. Appellant did not file an opposition. On January 10, 2023, the Board issued an order to show cause, requiring appellant to file either a response to the motion for summary judgment or a request for a further extension of time to file a response. The order informed appellant that the appeal may be dismissed without further notice if appellant did not make one of those filings within 30 days. In an email to the Board on January 27, 2023, appellant indicated that it had lost money on the contract and

therefore could not afford counsel to prepare a response to the government's motion. Appellant stated that it "was waiting for any compensation for this issue." (Bd. corr. email dtd. Jan. 27, 2023)[1]

We grant the government's motion for summary judgment.[2]

<u>STATEMENT OF FACTS FOR PURPOSES OF THE MOTION</u>

The following facts asserted by the government in accordance with Board Rule 7(c) have not been disputed by appellant and are therefore accepted as undisputed for purposes of deciding the present motion. *See* Board Rule 7(c)(2).

1. Effective September 30, 2021, SOCCENT FWD HQ awarded the Contract to Safaa requiring the delivery of 7,827,600 kg of millable wheat over a period of four months (1,956,900 kg per month) to one specified location in Syria at a price of $424,647.30 per month (net price of $1,698,589.20). The initial delivery was due between October 19 and 28, 2021. The Contract was a firm-fixed price contract for a commercial item and incorporated Federal Acquisition Regulation (FAR) clause 52.212-4, Contract Terms and Conditions – Commercial Products and Commercial Services, by reference. (R4, tab 2 at 1, 4, 10, 13)

2. Safaa produced a document purporting to be an invoice dated October 28, 2021, from Al-Ubaidi Agricultural Office for "$212,323 Dollar" for "Fines for not buying wheat" addressed to Mr. Bayrak Abbas Fadel (R4, tab 7).

3. Safaa admits in its complaint that "the first [delivery] quantity was detained for more than a month" and that all its "means and solutions . . . in order to avoid losses and to supply the contract . . . [were] rejected and [Safaa was] notified to Stop Work." (compl. ¶ 1).

4. On November 2, 2021, the contracting officer issued a memorandum labeled a "Cure Notice" via email "for lack of performance" on the Contract. The attached notice stated that Safaa was notified verbally and via email on October 16, 2021, of the

---

[1] Although Appellant did not file a formal response to the summary judgment motion, we take its recent communications to indicate a desire to continue the appeal. (Bd. corr. emails dtd. Jan. 27, 2023, Feb. 13, 2023, and Feb. 26, 2023). In this instance, we have chosen to address the merits of the claim rather than dismiss it for failure to prosecute.

[2] The government filed a motion on February 24, 2023, seeking dismissal on the ground that appellant had not complied with the Board's Order of January 10, 2023. Because we grant summary judgment, we deny the motion to dismiss as moot.

2

need to complete its contractual obligations. It stated further that Safaa failed to deliver the required wheat supplies on October 28, 2021 and warned that the Government might terminate the Contract for cause under FAR 52.212-4, unless Safaa delivered the wheat within ten days. (R4, tabs 3, 4 at 1)

5. On November 24, 2021, the contracting officer terminated the Contract for cause in its entirety pursuant to FAR 52.212-4(m) for its "default with the terms and conditions of the delivery schedule and quantities outlined in the Performance Work Statement," effective that day, and directed Safaa to stop work on the Contract (R4, tab 5). Safaa acknowledged the Termination for Cause on November 30, 2021 (*id.*).

DECISION

### A. Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *First Commerce Corp. v. United States*, 335 F.3d 1373, 1379 (Fed. Cir. 2003). The party seeking summary judgment is initially burdened with establishing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). A party challenging a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

### B. The Termination for Default

A default termination is "a drastic sanction which should be imposed . . . only for good grounds and on solid evidence." *J.D. Hedin Constr. Co. v. United States*, 408 F.2d 424, 431 (Ct. Cl. 1969). The government bears the burden of establishing that its termination of the contract was proper. *Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 765 (Fed. Cir. 1987). The contracting officer's default decision must not be arbitrary or capricious or an abuse of discretion. *Cent. Co.*, ASBCA No. 62624, 22-1 BCA ¶ 38,057 at 184,790; *Darwin Constr. Co. v. United States*, 811 F.2d 593, 597 (Fed. Cir. 1987). The government must reasonably demonstrate that the contractor's deficient performance is the actual cause of the termination and not a mere pretext. *Goodloe Marine, Inc.*, ASBCA No. 62106, 22-1 BCA ¶ 38,053 at 184,776.

3

Once the government has established that the contractor's deficient performance was the cause of the termination, the burden shifts to the appellant to demonstrate that the default was excusable. *DCX, Inc. v. Perry*, 79 F.3d 132, 134 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 992 (1996). At this stage the appellant must show that the default was excusable. *Id.*; *Switlik Parachute Co. v. United States*, 573 F.2d 1228, 1233 (Ct. Cl. 1978).

On the undisputed facts, the government has met its burden to show that the termination was justified by appellant's failure to perform. The government may terminate the contract for cause "in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions . . . ." FAR 52.212-4(m). Safaa defaulted on its obligation to make its first delivery of wheat by October 28, 2021. Safaa further failed to deliver the wheat within the 10-day grace period provided by the government's Cure Notice. Safaa was provided with both written and verbal warnings of the need to complete deliveries as specified in the Contract or risk termination. When it did not make the delivery as required, termination was justified.

Safaa also made clear that it would not or could not make any of the other required deliveries without an increase in the contract price. Safaa repeatedly communicated that it needed a substantial increase in the price to be able to purchase the wheat. On October 13, 2021, Safaa informed the government, "so we need additional prices to keep going delivery . . . [.]" Safaa repeated that warning on October 14, 2021, and, on October 16, 2021, Safaa sent an email to the contracting officer stating "[t]he first shipment of 2000 tons will be fixed as mentioned in contract, but remaining quantities and shipments will be increase 1$ each kilogram as we deal with new suppliers, the first agreement with dealers canceled from their side causes the taxes and customs." (R4, tab 9 at 5-8) Safaa's announcements to the government that it would not deliver the wheat at the agreed upon price constituted anticipatory breach and justified termination for default. *See, e.g.*, *New Era Cont. Sales, Inc.*, ASBCA No. 56204, 09-2 BCA ¶ 34,147 at 168,795. ("New Era's 5 July 2006 unequivocal refusal to perform under Delivery Order No. 0001A months before the 21 November 2006 delivery date was an anticipatory repudiation which would have justified its termination for default at that time.")

The government having demonstrated that the termination was justified by Safaa's non-performance, the burden shifts to Safaa to demonstrate that its non-performance was excusable. By the terms of the Excusable Delays clause, FAR 52.212-4(f), the contractor is liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the contractor and without its fault or negligence. *See also Gargoyles Inc.*, ASBCA No. 57515, 13 BCA ¶ 35,330 at 173,413.

Safaa has failed to meet its burden. Safaa alleges in its complaint that "the reason the first quantity was detained for more than a month" was because of an increase in wheat prices and a fine levied by Safaa's supplier for Safaa's non-purchase of wheat under an agreement with the supplier (compl. ¶ 1; SOF ¶ 2). The inability to finance the increased cost of performance does not excuse default under a firm-fixed price contract. A "firm-fixed-price contract provides for a price that is not subject to any adjustment on the basis of the contractor's cost experience in performing the contract." FAR 16.202-1. It "places upon the contractor maximum risk and full responsibility for all costs and resulting profit or loss." *Id.*; *see Lakeshore Eng'g Servs., Inc. v. United States*, 748 F.3d 1341, 1347 (Fed. Cir. 2014) ("The essence of a firm fixed-price contract is that the contractor, not the government, assumes the risk of unexpected costs."); *see also New Era Cont. Sales, Inc.*, ASBCA No. 56661, 11-1 BCA ¶ 34,738 at 171,023. The Contract did not contain an economic price adjustment clause. Accordingly, increases in the price of wheat, even if dramatic, do not excuse Safaa's non-performance. "The normal risk of a fixed price contract is that the market price will change." *Seaboard Lumber Co. v. United States,* 308 F.3d 1283, 1295 (Fed. Cir. 2002) (citing *N. Ind. Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 275 (7th Cir. 1986)).

Accordingly, there are no disputed issues of material fact, and the government is entitled to judgment in its favor as a matter of law.

## CONCLUSION

The government's motion for summary judgment is granted and the appeal is denied.

Dated: March 15, 2023

THOMAS P. MCLISH
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63146, Appeal of Safaa Al-Rawaby Company, rendered in conformance with the Board's Charter.

Dated: March 16, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

6